IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DYNAMIC DATA
TECHNOLOGIES, LLC,

Plaintiff,

v.

Civil Action No. 19-1239-CFC

AMLOGIC HOLDINGS, LTD.,

Defendant.

## MEMORANDUM ORDER

Plaintiff Dynamic Data Technologies LLC has sued Defendant Amlogic

Holdings, Ltd. for patent infringement.  D.I. 1.  Amlogic Holdings has moved to

transfer the case to the Northern District of California.  D.I. 12.

## I.      BACKGROUND

Amlogic Holdings is a Cayman Islands company that is registered as a

domestic corporation in Delaware.  D.I. 17 at 5.  Its sole place of business in the

U.S. is in the Northern District (in Mountain View, California).  D.I. 13 at 3; D.I.

17 at 10.  Amlogic Holdings asserts that it developed, markets, and sells the

products that Dynamic Data accuses of infringement in California "and/or in

China." D.I. 13 at 3, 7.

Plaintiff Dynamic Data Technologies is a Delaware limited liability

company.  D.I. 13 at 2.  Dynamic Data's only place of business in the U.S. is in St. Paul, Minnesota.  D.I. 17 at 22.

Dynamic Data has three related lawsuits currently pending in this District. D.I. 17 at 4.  It is undisputed those cases and this case "implicate many of the same asserted patents, the same video encoding standards, the same inventors, the same technical specifications, and involve numerous overlapping issues, including discovery, claim construction, and infringement and validity issues."  D.I. 17 at 1.

## II.      LEGAL STANDARDS

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

A party seeking transfer thus has the burden of establishing (1) that the case could have been brought in the transferee district and (2) "that a balancing of proper interests weigh[s] in favor of the transfer."  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  The burden of showing that the balance of interests favors transfer is heavy.  "[U]nless the balance of convenience of the parties is strongly in favor of [the] defendant, the plaintiff's choice of forum should prevail."  *Id.* (emphasis in original) (internal quotation marks and citation omitted).

The proper interests to be weighed in deciding whether to transfer a case

2

under § 1404(a) are not limited to the three factors recited in the statute (i.e., the

convenience of the parties, the convenience of the witnesses, and the interests of

justice). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

Although there is "no definitive formula or list of the factors to consider" in a

transfer analysis, the court in *Jumara* identified 12 interests "protected by the

language of § 1404(a)." *Id.* Six of those interests are private:

> [1] plaintiff's forum preference as manifested in the
> original choice; [2] the defendant's preference; [3]
> whether the claim arose elsewhere; [4] the convenience
> of the parties as indicated by their relative physical and
> financial condition; [5] the convenience of the
> witnesses—but only to the extent that the witnesses may
> actually be unavailable for trial in one of the fora; and [6]
> the location of books and records (similarly limited to the
> extent that the files could not be produced in the
> alternative forum).

*Id.* (citations omitted). The other six interests are public in nature:

> [7] the enforceability of the judgment; [8] practical
> considerations that could make the trial easy, expeditious,
> or inexpensive; [9] the relative administrative difficulty
> in the two fora resulting from court congestion; [10] the
> local interest in deciding local controversies at home;
> [11] the public policies of the fora; and [12] the
> familiarity of the trial judge with the applicable state law
> in diversity cases.

*Id.* at 879–80 (citations omitted).

## III.      DISCUSSION

As an initial matter, Dynamic Data disputes whether it could have brought

this case in the Northern District at the time it filed its complaint.  D.I. 17 at 2.  But because, as explained below, the proper balancing of interests does not weigh strongly in favor of transfer—in fact, it weighs against transfer—Dynamic Data's choice of forum must prevail and I need not reach the issue of whether Dynamic Data could have brought this case in the Northern District.

As the parties have not identified any additional relevant factors beyond the 12 *Jumara* interests, I will balance the *Jumara* factors in deciding whether to exercise the discretion afforded me by § 1404(a).

### 1.    Plaintiff's Forum Preference

This factor clearly weighs against transfer and is to be treated as a "paramount consideration" in applying the *Jumara* factors.  *VLSI Tech. LLC v. Intel Corp.*, 2018 WL 5342650, at *2 (D. Del. Oct. 29, 2018).

### 2.    Defendant's Forum Preference

This factor favors transfer.

### 3.    Whether the Claim Arose Elsewhere

This factor favors transfer.  Amlogic Holdings did not develop the accused products in Delaware, has made no sales of the accused products in Delaware, and does not offer the accused products for sale in Delaware.  D.I. 13 at 7.  Instead, Amlogic Holdings developed the accused products in Santa Clara, California "and/or China."  D.I. 13 at 7; D.I. 20 at 1.  And the only place it sells and markets

the accused products in the U.S. is in California. D.I. 13 at 7. The connection

between those efforts and the Northern District favors transfer. *See In re*

*Hoffmann–La Roche, Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

### 4.    The Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition

Amlogic Holdings argues that litigation in Delaware will inconvenience the

parties because neither party has a physical presence in Delaware. D.I. 13 at 8.

Amlogic Holdings also asserts that the Northern District will be more convenient

because Amlogic Holdings's only location in the U.S. is in Mountain View,

California and it has employees in China that will find travel to California easier

than travel to Delaware. D.I. 13 at 8. Dynamic Data notes that it has no offices or

connections in California and its sole U.S. location is in Minnesota. D.I. 17 at 19.

The parties have provided no information regarding either company's financial

condition.

This factor is neutral. Amlogic Holdings's status as a domesticated

Delaware corporation negates its assertion that it is inconvenienced by having to

litigate in Delaware. As a Delaware corporation with global operations, Amlogic

Holdings can demonstrate "inconvenience" for § 1404(a) purposes only if it

"prove[s] that litigating in Delaware would pose a unique or unusual burden on

[its] operations." *Graphics Props. Holdings Inc. v. Asus Computer Int'l, Inc.*, 964

F. Supp. 2d 320, 325 (D. Del. 2013) (second alteration in original) (internal

quotation marks and citation omitted); *see also ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001) ("[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient."). The inconvenience of travel to Delaware is not a unique or unusual burden. Amlogic Holdings has thus not identified any unique or unusual burden that it would encounter as a party in this Court.

As the Northern District of California and this District appear equally convenient for Dynamic Data and Delaware is not an inconvenient forum for Amlogic Holdings, the convenience of the parties factor is neutral.

### 5.     The Convenience of the Witnesses

This factor carries weight "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879; *see also Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 732 (D. Del. 2012) (noting that this factor applies only insofar as "a witness actually will refuse to testify absent a subpoena"). In addition, "witnesses who are employed by a party carry no weight," because "each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998).

Amlogic Holdings states that several non-party witnesses are in the Northern

District while no non-party witnesses that it is aware of are in Delaware.  D.I. 13 at
9; D.I. 20 at 5.  But Amlogic Holdings does not identify any potential witness who
would not be available for trial in Delaware.  Because no record evidence
demonstrates that necessary witnesses will refuse to appear in Delaware for trial
without a subpoena, the convenience of the witnesses factor is neutral.

### 6.   The Location of Books and Records

*Jumara* instructs me to give weight to the location of books and records only
"to the extent that the files [and other documentary evidence] could not be
produced in the alternative forum."  55 F.3d at 879.  Amlogic Holdings asserts that
"Amlogic's physical records and files, including, physical samples of the accused
products, are located in California and/or Asia."  D.I. 13 at 10.  But Amlogic
Holdings has not identified any evidence that could not be produced in Delaware.
And it admits that some evidence relevant to this action is located outside of the
Northern District in Asia.  This factor is thus neutral.  *See Signal Tech, LLC v.
Analog Devices, Inc.*, 2012 WL 1134723, at *3 (D. Del. Apr. 3, 2012) ("[T]here
are no records identified as only being available in one of the two locations.  Thus,
under Third Circuit law, . . . the location of the books and records is a neutral
factor." (internal footnote omitted)).

### 7.   Enforceability of the Judgment

The parties agree that this factor is neutral, as judgments from this District

and the Northern District of California would be equally enforceable.

### 8.     Practical Considerations

*Jumara* instructs me to give weight to "practical considerations that could make the trial easy, expeditious, or inexpensive." 55 F.3d at 879. Such considerations weigh against transfer. Amlogic Holdings asserts that this factor favors transfer because most of the witnesses and records are in California whereas no evidence is located in Delaware and none of Amlogic Holdings's witnesses are located in Delaware or within a hundred miles of the Wilmington Courthouse. D.I. 13 at 10. But as explained above, Amlogic Holdings has not identified any witnesses or evidence that could not be brought to Delaware.

Also, concerns regarding judicial efficiency weigh against transfer because three related actions are currently before this Court. Transferring this case may result in multiple courts resolving disputes that involve the same patents and likely many of the same factual and legal issues. D.I. 17 at 23 n.7. "[I]n a case such as this in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor . . . a court that has become familiar with the issues." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997).

Because Amlogic Holdings has not established that transfer will make the trial easier or less expensive, and judicial efficiency favors Delaware, this factor

weighs against transfer.

### 9.    Relative Administrative Difficulty Due to Court Congestion

The parties agree that this factor is neutral.

### 10.    Local Interest in Deciding Local Controversies at Home

This factor is neutral. First, "[p]atent issues do not give rise to a local controversy or implicate local interests." *TriStata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008). Second, Amlogic Holdings, with operations in California and China, is not a "local" company in Delaware, and its patent infringement dispute with Dynamic Data, which does not reside in California, is not a "local controversy" in the Northern District.

One could fairly conclude that this factor weighs against transfer because this action involves a dispute between two Delaware corporate citizens; but I will treat this factor as neutral because the parties' Delaware corporate status also bears on the next factor (public policies of the fora).

### 11.    Public Policies of the Fora

Delaware's public policy encourages Delaware corporations to resolve their disputes in Delaware courts. *Round Rock Research, LLC v. Dell, Inc.*, 904 F. Supp. 2d 374, 378 (D. Del. 2012). Amlogic Holdings has not cited any countervailing California public policy. Thus, this factor weighs against transfer.

9

### 12.   Familiarity of the Trial Judge with the Applicable State Law in Diversity Cases

Dynamic Data's claims arise under the federal patent laws.  Therefore, the familiarity of the respective districts with state law is not applicable and this factor is neutral.

* * * *

In sum, of the 12 *Jumara* factors, seven are neutral, three weigh to varying degrees against transfer, and two weigh to different degrees in favor of transfer. Having considered the factors in their totality and treated Dynamic Data's choice of this forum as a paramount consideration, I find that Amlogic Holdings has failed to demonstrate that the *Jumara* factors weigh strongly in favor of transfer, and therefore, I will deny Amlogic Holdings's motion to transfer.

NOW THEREFORE, at Wilmington this 20th day of April in 2020:

**IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Under 28 U.S.C. § 1404(a) (D.I. 12) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE